IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IMPROVED SEARCH LLC,<br><br>                      Plaintiffs,<br><br>vs.<br><br>MICROSOFT CORPORATION.,<br><br>                      Defendant. | 1:16CV650<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on the plaintiff's motion for a summary judgment of noninfringement (D.I. 85) and defendant's opposition thereto and purported cross-motion for summary judgment on its affirmative defenses.[1] D.I. 88. This is an action for patent infringement, pursuant to 35 U.S.C. § 271 *et seq*.

I.    FACTS

In its complaint, plaintiff Improved Search LLC ("Improved") alleges Microsoft Corporation ("Microsoft") infringes two related patents, U.S. Patent Nos. 6,604,101 (the "101 Patent") and 7,516,154 ("the '154 patent") (collectively, "the Asserted Patents") (D.I. 1, Complaint at 4). The patents improve the usability of searching over the internet and are directed to cross-language translation of query and search information as well as

---

[1] Though Microsoft characterizes its pleading as a cross-motion for summary judgment, that title is a misnomer. Microsoft has not asserted any counterclaims, only affirmative defenses. A party moves for judgment in its favor on a claim or a counterclaim, whereas a meritorious defense to a claim results in a judgment against the party asserting that claim. There are no claims on which Microsoft would be entitled to judgment.

Both Improved and Microsoft seek a judgment in favor of Microsoft and against Improved on its claims for infringement of the '101 patent. Microsoft's pleading cannot therefore be characterized as an opposition to Improved's motion. Rather, it apparently seeks a determination that is allegedly broader than the relief arguably sought by Improved in its motion. The Court finds the relief sought by both parties is essentially the same.

1

retrieval of multilingual information over a computer network. The '101 patent generally relates to methods and systems of for translating queries from a source language to a target language, and the '154 patent generally relates to methods of and systems for providing cross language advertising services over the Internet. *Id.* at 4. In the answer to Improved's complaint, Microsoft asserted several affirmative defenses, including noninfringement and invalidity. D.I. 7, Answer at 11-12. Microsoft did not assert any counterclaims for declaratory relief. *Id.*

On April 2, 2018, United States Magistrate Judge Sherry R. Fallon filed a Report and Recommendation ("R&R") which, among other things, adopted defendant Microsoft's proposed definition of "dialectal standardization."[2] D.I. 68, R&R at 7. The term or a variant of it appears in all of the independent claims of the '101 patent. *Id.*; D.I. 1-1, '101 patent at cols. 7 – 10. This Court adopted the Report and Recommendation on August 21, 2018. D.I. 76, Memorandum and Order at 8. In a related motion, Improved moved to dismiss its claims alleging infringement of the '154 patent under Federal Rule of Civil Procedure 41, based on the Court's claim construction and on a purported agreement between the parties. D.I. 95. The Court granted the motion and Improved's claims of infringement of the '154 patent were dismissed, with prejudice, under Federal Rule of Civil Procedure 41(b). (D.I. 102). Any asserted claims or defenses by defendant Microsoft were dismissed without prejudice. *Id.*

---

[2] This definition extends to other forms of the term "dialectal standardization," including "dialectally standardized," "dialectally standardizing, "dialectal standardization of the at least one content word extracted from the query," "dialectal standardization of the content word extracted from the query," "dialectally standardizing a content word extracted from the query, and "dialectally standardized content word."

Improved now moves for summary judgment, seeking a determination that Microsoft does not infringe the '101 patent.[3] D.I. 85. Improved concedes that "based on the currently available documents, it cannot, in good faith, pursue their infringement claim under the Court's construction of 'dialectal standardization.'" D.I. 86, Brief at 1. It candidly admits that it seeks summary judgment in order to move forward with a direct appeal to the Federal Circuit. *Id.* at 3.

Microsoft agrees that a summary judgment of noninfringement of the '101 Patent should be granted. D.I. 88, Brief at 1. Microsoft, however, also seeks a ruling in its favor on the merits of its affirmative defenses of noninfringement, both literally and under the doctrine of equivalents, and invalidity.[4] D.I. 88, Brief. It contends that there is no genuine dispute that none of the accused systems or methods infringe any of the currently asserted claims of the '101 Patent. It argues that it seeks summary judgment "based on five separate claim requirements not specifically mentioned in Plaintiff's motion but for which Plaintiff cannot advance evidence sufficient to support a jury finding in its favor." *Id.* Microsoft submits evidence in support of its position. D.I. 89-2, Exs. 1-5.

In response to Microsoft's arguments, Improved states that there are genuine issues of material fact on whether Microsoft would be entitled to a summary judgment on any grounds other than under the claim construction at issue. It asks the court to enter a summary judgment of noninfringement, but to deny Microsoft's motion to the extent it seeks a judgment of noninfringement on any grounds other than those relating to the

---

[3] Specifically, Improved moves for a summary judgment that "that the currently asserted claims of the U.S. Patent No. 6,604,101 (the "'101 Patent") are not infringed by the accused products of Microsoft based on the currently available documents and the Court's construction of "dialectal standardization" as defined by the Court in the April 30, 2018 Report and Recommendations (D.I. 68) and the subsequent August 22, 2018, Memorandum and Order construing the claims. D.I. 76; D.I. 86, Brief at 1.
[4] Microsoft's arguments with respect to the '154 patent are moot by reason of the Rule 41 dismissal.

3

Court's construction of dialectical standardization and related terms. D.I. 93, Reply Brief at 9.

II.   LAW

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party "is entitled to a judgment as a matter of law [when] the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Id.* (internal quotation marks omitted). The moving party need only show "that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

If the moving party has carried its burden, the nonmovant must then "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986) (internal quotation marks omitted). The court will "draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). Infringement, whether literal or under the doctrine of equivalents, is a question of fact. *Ferguson Beauregard/Logic v. Mega Sys., Inc.*, 350 F.3d 1327, 1338 (Fed.Cir.2003).

A determination of infringement is a two-step process. *Wright Med. Tech., Inc. v. Osteonics Corp.*, 122 F.3d 1440, 1443 (Fed. Cir. 1997). The first step is claim construction, which is a question of law to be determined by the court. *Id.* The second

step is an analysis of infringement, in which it must be determined whether a particular device infringes a properly construed claim. *Id.* This analysis is a question of fact. *Id.*

A ruling on claim construction after a *Markman* hearing is not a final, appealable order, in the absence of a resolution of all of the factual issues of infringement or validity dependent thereon. *Nystrom v. TREX Co., Inc.*, 339 F.3d 1347, 1350 (Fed. Cir. 2003) (*sua sponte* dismissing appeal of a finding of noninfringement and invalidity of certain claims of a patent for lack of jurisdiction where a declaratory-judgment counterclaim for invalidity and unenforceability remained pending as to other claims of the patent and had been stayed). "Piecemeal litigation is as strictly precluded by the rule of finality for patent cases as it is for any other case." *Id.* Under the finality rule, parties may only appeal a "final decision of a district court." *Id.* A final judgment "is a decision by the district court that 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Pause Tech. LLC v. TiVo Inc.*, 401 F.3d 1290, 1292 (Fed. Cir. 2005) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)). "[W]hether an order constitutes a final judgment 'depends upon whether the judge has or has not clearly declared his intention in this respect in his opinion.'" *Pandrol USA, LP v. Airboss Ry. Prod., Inc.*, 320 F.3d 1354, 1362 (Fed. Cir. 2003) (quoting *United States v. F. & M. Schaefer Brewing Co.*, 356 U.S. 227, 232 (1958) (citation omitted)). "A 'judgment that does not dispose of pending counterclaims is not a final judgment.'" *Pause Tech LLC*, 401 F.3d at 1293.

To be appealable a claim construction order must preclude a finding of infringement—a required element of the plaintiff's cause of action. *Princeton Digital Image Corp. v. Office Depot Inc.*, 913 F.3d 1342, 1348 (Fed. Cir. 2019). Such preclusion

5

of infringement may be established by the patent owner's binding admission that the accused activities are not infringing under the adopted claim construction. *Id.* (noting that where a claim construction order does not resolve the issue of infringement, it is not a final decision, and, accordingly, is not appealable); *see also Wilson Sporting Goods Co. v. Hillerich & Bradsby Co.*, 442 F.3d 1322, 1326 (Fed. Cir. 2006) ("[F]inal judgment in a patent case will usually produce a judgment of infringement or non-infringement. [The appellate] court reviews claim construction only as necessary to reach that final judgment on an infringement cause of action").

The Federal Circuit acknowledges that the Supreme court's decision in *Microsoft v. Baker*, 137 S. Ct. 1702, 1706-07 (2017) (involving class certification), "at least establishes that a voluntary dismissal does not constitute a final judgment where the district court's ruling has not foreclosed the plaintiff's ability to prove the required elements of the cause of action." *Princeton Digital*, 913 F.3d at 1348. It is "clear that unless the district court has conclusively determined, including determined by consent, that the plaintiff has failed to satisfy a required element of the cause of action, a voluntarily dismissal lacks finality." *Id.* at 1349.

There is authority for the proposition that a district court, in ruling on infringement impliedly disposes of an invalidity defense, whereas an invalidity counterclaim would be a separate claim that would remain unresolved if not expressly ruled upon by the district court. *Pause Tech LLC*, 401 F.3d at 1294; *see also Altvater v. Freeman*, 319 U.S. 359, 363 (1943); *Pandrol*, 320 F.3d at 1361–63 (noting distinction between invalidity defense and counterclaim but recognizing finality of judgment where district court found invalidity defenses waived after counterclaim dismissed without prejudice and not revived). Even

6

when a counterclaim has been pled, a district court can properly expressly dispose of an invalidity *counterclaim* by either adjudicating it, indicating the alleged infringer concurs in a disposition that would permit a dismissal without prejudice and without a finding of mootness, or by finding there is no longer a "controversy," i.e., that the counterclaim is moot. *Pause Tech, LLC*, 401 F.3d at 1293-94 (emphasis added); *see also Nystrom*, 339 F.3d at 1351. Also, in appropriate circumstances, a district court may exercise its discretion to dismiss a remaining invalidity counterclaim without prejudice. *Nystrom*, 339 F.3d at 1351; *Liquid Dynamics Corp. v. Vaughan Co.*, 355 F.3d 1361, 1370-71 (Fed. Cir. 2004) (holding that a district court faced with an invalidity counterclaim challenging a patent that it concludes was not infringed may either hear the claim or dismiss it without prejudice, subject to review only for abuse of discretion).

Once an accused infringer proves that the specific device accused of infringing does not infringe, "the specific accused device[ ] acquires the 'status' of a noninfringing device vis-à-vis the asserted patent claims." *Brain Life, LLC v. Elekta Inc.*, 746 F.3d 1045, 1057 (Fed. Cir. 2014).

III. DISCUSSION

Improved's concession that the Microsoft's systems and methods do not infringe under the Court's claim construction is dispositive of the issue of noninfringement. Improved acknowledges that it cannot prevail on its claims of infringement under the Court's claim construction, particularly its construction of "dialectical standardization." Microsoft accedes to that proposition. Improved's admission means that it fails to establish the required elements of it cause of action for infringement. The parties have essentially stipulated and consented to a final judgment of noninfringement. Accordingly,

7

the Court finds the record establishes that there are no genuine issues of material fact and the accused methods or systems do not infringe as a matter of law. *See Pause Tech., LLC v. TiVo, Inc.*, 419 F.3d 1326, 1336 (Fed. Cir. 2005). Judgment in favor of Microsoft and against Improved on Improved's claim of infringement is therefore appropriate. The Court has conclusively determined by consent—that is, in accord with Improved's concession and Microsoft's agreement—that Improved has failed to satisfy a required element of the cause of action.

Having determined that Microsoft does not infringe, the Court need not address Microsoft's affirmative defenses. The affirmative defenses are moot by reason of Improved's concession that Microsoft's systems and methods do not infringe its patents under this Court's claim construction. Because Microsoft does not assert a declaratory judgment counterclaim as to invalidity, there is no remaining claim pending and no longer an actual controversy between the parties with regard to the asserted patent. A final judgment of noninfringement in favor of Microsoft resolves the controversy as to this patent for all claims asserted or that could have been asserted by Improved. There is no necessity for a determination of invalidity of the patents to protect Microsoft from hypothetical future assertions of infringement of these patents against the accused technology. *See Brain Life, LLC v. Elekta, Inc.*, 746 F.3d 1045, 1056 (Fed. Cir. 2014) (applying the doctrine announced in *Kessler v. Eldred*, 206 U.S. 285, 286-87 (1907), which fills the gap between the claim and issue preclusion doctrines, to bar relitigation and to allow an adjudged non-infringer to avoid repeated harassment for continuing its business as usual post-final judgment in a patent action). The finding of noninfringement resolves this case. By virtue of the doctrines of issue and claim preclusion, as well as the

Kessler doctrine, any threat of future enforcement of the infringement claims or litigation against Microsoft is foreclosed.

The Court rejects Microsoft's argument that Improved's concession is somehow limited and that it is necessary for the Court to make determinations based other claim limitations. Improved concedes to a broad proposition—that it cannot, in good conscience, pursue its infringement claims in light of the Court's claim construction. Improved asserted infringement of numerous claims of the '101 patent and all of the asserted independent claims of the '101 patent requires "dialectal standardization" or a related claim, as construed by the Court. Improved's concession of noninfringement of the all of the asserted claims resolves all claims that Improved asserted or could have asserted against Microsoft. The plaintiff's broad acknowledgment of noninfringement leaves nothing for the Court to do but execute the judgment.

Similarly, the Court rejects Improved's request to somehow limit the judgment as based only on the currently available documents and the Court's construction of dialectal standardization. Such a qualified order specifically reserving the parties' right to litigate other matters would not "conclusively resolve" the controversy and would likely not amount to final judgment. *See* Princeton Digital, 913 F.3d at 1347. Improved moves for a summary judgment of noninfringement. It admits that, under the Court's construction, Microsoft does not infringe. One either infringes or does not infringe—it is as simple as that. The Court is aware of no authority that permits it to enter a conditional final appealable order.

Though Microsoft may wish "to drive a stake through the heart of these patents to ensure never having to face them again in the future," the Court declines to rule on

9

affirmative defenses to a claim of patent infringement that has been conclusively resolved favor or the defendant. See Sonix Tech. Co. v. Yoshida, No. 12CV0380-CAB (DHB), 2015 WL 11199835, at *2 (S.D. Cal. Sept. 14, 2015), judgment entered sub nom. Sonix Tech. Co. Ltd v. Yoshida, No. 12CV380-CAB-DHB, 2015 WL 11199836 (S.D. Cal. Dec. 30, 2015). Accordingly, the Court will grant the plaintiffs motion for a summary judgment of noninfringement and enter final judgment in favor of Microsoft on plaintiff's claims. This action is without prejudice to Microsoft's affirmative defenses.

IT IS ORDERED:

1. Improved Search LLC's Motion for Summary Judgment of Non-Infringement of the asserted claims of U.S. Patent No. 6,604,101 (D.I. 85) is granted.

2. A Judgment in conformity with this Memorandum and Order will issue this date.

Dated this 28th day of May. 2019.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge